IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                 ORDER

                   Plaintiff,

                                                      01-cr-32-bbc

      v.

MICHAEL L. BROWN,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court is defendant Michael L. Brown's fourth attempt to overturn his 2002 conviction for nine counts of bank robbery and use of a firearm in connection with a crime of violence. In addition to his appeal from his conviction and his petition for a writ of certiorari, both of which were denied, he has filed the following unsuccessful motions: for post conviction relief, dkt. #234; for a new trial under Fed. R. Crim. P. 33, dkt. #268 (denied as premature); and a renewed motion for a new trial, dkt. #271. He appealed this court's denial of his motion for post conviction relief; the Court of Appeals for the Seventh Circuit denied the appeal, dkt. #262. That court later dismissed his appeal of this court's denial of his second motion for a new trial under Rule 33. Dkt. #308.

Defendant filed this motion for a new trial under Fed. R. Civ. P. 60(b) on February 4, 2016. Dkt. #313. Realizing afterwards that this civil rule was not the proper vehicle for requesting relief from a criminal conviction, he attempted to remedy his error by filing a

1

motion to "amend supplement or withdraw," dkt. #314, in which he asks the court to construe his Rule 60(b) motion liberally and decide it on its merits. I will construe his motion as another motion for a new trial under Fed. R. Crim. P. 33. Plaintiff has also filed a motion for appointment of counsel.

Defendant's motion is premised on his contention that he has newly discovered, exculpatory evidence in the form of declarations from two of his alleged coconspirators to the effect that he was not a participant in all of the robberies for which he was convicted in 2002. In the order denying his second motion for a new trial, I explained first that his motion was untimely. Rule 33(b)(1) allows convicted persons three years after the verdict or finding of guilty in which to file a motion for a new trial on the ground of newly discovered evidence and defendant's second motion was filed more than 10 years after he had been found guilty. Second, plaintiff had not shown that he could meet the criteria for a new trial. Under <u>United States v. Taylor</u>, 600 F.3d 863, 869 (7th Cir. 2010), obtaining a new trial in a situation such as defendant's requires a showing that (1) defendant would not have known until after his trial about the adverse evidence; (2) the evidence must not have been discoverable earlier even if the defendant had exercised due diligence; (3) the evidence is material and not merely impeaching and cumulative; and (4) it would probably lead to an acquittal in the event of a new trial.

The evidence on which defendant relies consists of declarations of two alleged accomplices, James Fleming and Victor Caldwell, both of whom declared that defendant was not part of their crime spree. Fleming did not testify at trial, but he contends that law

enforcement agents who testified at the trial testified untruthfully about his having made statements implicating defendant. Caldwell testified against defendant at trial and now says that his testimony about defendant's involvement was not truthful. As explained in the 2012 order, dkt. #287, defendant's "newly discovered" evidence would not entitle him to a new trial, even if it were timely.

> If defendant had no involvement in any of the robberies, as he asserts, he would have known when Caldwell testified that his testimony was false. United States v. Theodosopoulos, 48 F.3d 1438, 1448-49 (7th Cir. 1995) (when defendant knew before trial that possible witness was in position to testify that defendant was not involved in drug deal, the fact that witness did not testify because he had chosen to plead Fifth Amendment does not mean that his post trial statement exculpating defendant qualified as newly discovered evidence). Caldwell testified at trial so defendant had a full opportunity to cross examine him and to call witnesses to testify to Caldwell's lack of credibility. . . . As to Fleming, he was tried together with defendant and never took the witness stand, but, as with Caldwell, if defendant was innocent of the crimes, he would have known before trial that Fleming could have testified that defendant was not guilty. . . . Defendant cannot meet the first factor [under Taylor, 600 F.3d at 869]because he would have known at the time of his trial that Fleming could testify to his innocence, if, as he asserts, he was innocent. His knowledge at the time of trial that he was innocent means he could not meet the second factor either. He did not need due diligence to find out something he already knew. I will assume for the purpose of this motion that defendant could meet the third factor that Fleming's declaration would be material evidence (and that it is truthful, which seems unlikely). However, defendant cannot meet the fourth factor because it is not even plausible that the declaration would lead to his acquittal if a new trial were to be held.

Defendant has not shown that anything has changed since he filed his previous motion and has failed to show that he is entitled to a new trial under Rule 33. Accordingly, his motion will be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must

issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that defendant Michael L. Brown's third motion for a new trial under Fed. R. Crim. P. 33 is DENIED, as is his motion for appointment of counsel, dkt. #312.Further, IT IS ORDERED that no certificate of appealability shall issue. Defendant

may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 24th day of February, 2016.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge